Lyon Financial Services, Inc. v. Getty Hargadon Miller & Keller, PLLC                    Doc. 1

Case 5:06-cv-00034-JBC    Document 1    Filed 02/06/2006    Page 1 of 6
Case 0:05-cv-01821-JRT-FLN    Document 23    Filed 01/20/2006    Page 1 of 6

Eastern District of Kentucky
FILED

FEB 0 6 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LYON FINANCIAL SERVICES, INC.,
d/b/a USBancorp Business Equipment
Finance Group,

                        Plaintiff,

v.

GETTY HARGADON MILLER &
KELLER, PLLC, f/k/a Getty & Mayo,
LLP,

                        Defendant.

Civil No. 05-1821 (JRT/FLN)

**MEMORANDUM OPINION
AND ORDER ON DEFENDANT'S
MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO
TRANSFER VENUE**

5:06-34-JBC

---

Kevin K. Stroup, **STONEBERG, GILES & STROUP, P.A.**, 300
O'Connell Street, Marshall, MN 56258, for plaintiff.

David S. Miller and Theodore Dorenkamp III, **BOWMAN AND
BROOKE LLP**, 150 South Fifth Street, Suite 2600, Minneapolis, MN
55402, for defendant.

Plaintiff Lyon Financial Services, Inc., d/b/a USBancorp Business Equipment

Finance Group ("USB") brought this action in state court against defendant Getty

Hargadon Miller & Keller, PLLC ("GHMK"), alleging breach of contract. Defendant

removed the case to federal court, and now moves to dismiss plaintiff's case for lack of

jurisdiction and improper venue, or in the alternative, to transfer venue pursuant to 28

U.S.C. § 1404(a). For the reasons that follow, the Court denies defendant's motion to

dismiss but grants defendant's motion to transfer venue.

## BACKGROUND

GHMK is a law firm organized under the laws of Kentucky, with its principal place of business in Kentucky. It does not do business in Minnesota. Getty & Mayo, LLP, the predecessor-in-interest to GHMK, entered into a lease agreement for two copiers with Toshiba Business Solutions - Kentucky. About one month later, Toshiba assigned the lease agreement to USB, a finance lease company located in Minnesota. After experiencing problems with the copiers and their replacements, GHMK refused to make further payment. USB is suing GHMK to enforce its rights under the lease agreement.

GHMK first learned of the assignment to USB when this litigation commenced. All of GHMK's actions in relation to the lease agreement, including payment and communication, were made with Toshiba in Kentucky. USB does not dispute that GHMK has no contacts with Minnesota. Rather, USB argues that this Court has jurisdiction over GHMK because the lease agreement included a forum selection clause, printed in small font on the back of the agreement. The clause states:

> N.    CONSENT TO LAW, JURISDICTION, AND VENUE: This Agreement shall be deemed fully executed and performed in the state of the Owner or holder of the Owner's interest principal place of business and shall be governed by and construed according with its laws. If the Owner or holder of Owner's interest shall bring any judicial proceeding in relation to any matter arising under the Agreement, the Customer irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of the Owner or holder of Owner's interest principal place of business, or in any court or courts in Customer's state of residence, or in any other court having jurisdiction over the Customer's state of residence, or in any other court having jurisdiction over the Customer or assets of the Customer, all at the sole election of the Owner or holder of Owner's interest. The Customer herby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected in relation to such matters. You waive trial by jury in any action between us.

As discussed below, the Court finds that defendant contractually agreed to be sued in Minnesota, but that transfer of this case to Kentucky is nonetheless warranted.

## ANALYSIS

### I.    Motion to Dismiss for Lack of Personal Jurisdiction

GHMK first moves to dismiss this action for lack of personal jurisdiction. Because the personal jurisdiction requirement is a waivable right, due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, n.14 (1985).

Forum selection clauses are enforceable if obtained through "freely negotiated" agreements that are not "unreasonable and unjust." *Id.* Under Eighth Circuit law, it is an open question whether the Court should apply Minnesota law or federal law to determine whether a forum selection clause is reasonable. *Rainforest Cafe. Inc. v. EklecCo. L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003). Whether Minnesota or federal law applies, the Court concludes that the forum selection clause at issue here is valid in all respects.

The clause at issue is entitled, "Consent to Law, Jurisdiction, and Venue." As its title indicates, it is intended, among other things, to establish defendant's consent to jurisdiction in certain designated forums. GHMK argues that it could never have anticipated being brought to court in Minnesota because the original parties to the lease agreement are both from Kentucky.

The forum selection clause states, "the Customer hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected in relation to

- 3 -

such matters." "[A]ny such court" refers back to the preceding sentence that lists the contractual forums in which a breach of contract case could be brought, including "any court . . . in the state of . . . the holder of Owner's interest principal place of business." In this case, the holder of owner's financial interest is USB and its principal place of business is located in Minnesota. The validity of the forum selection clause is heightened by the fact that the defendant is a law firm and should be adept at negotiating and interpreting contracts.

The clause confers jurisdiction over defendant in Minnesota and Minnesota law applies to this action. Thus, the Court denies defendant's motion to dismiss for lack of personal jurisdiction.

## II.    Motion to Dismiss for Improper Venue

GHMK further argues that this action should be dismissed for improper venue, citing 28 U.S.C. § 1391. The forum selection clause in the lease agreement allows USB to litigate in its state of residence, so analysis under the venue statute is irrelevant. As with personal jurisdiction, GHMK has waived its right to challenge improper venue. Thus, the Court denies defendant's motion to dismiss for improper venue.

## III.    Transfer under § 1404(a)

Although the Court concludes that the lease agreement permits defendant to be sued in Minnesota, the Court nonetheless finds that transfer of this case to Kentucky is

warranted.[1]  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). The presence of a forum selection clause, while a factor in the transfer analysis, is not dispositive. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988).

The Court considered motions to transfer venue in two very similar cases involving the same plaintiff and forum selection clause at issue here. *Lyon Fin. Servs., Inc. v. Reno Sparks Ass'n of Realtors,* 2004 WL 234405 (D. Minn. Feb. 4, 2004) (denying motion to dismiss for lack of personal jurisdiction but granting motion to transfer venue); *Lyon Fin. Servs. v. PowerNet, Inc.,* 2001 WL 1640099 (D. Minn. Nov. 19, 2001) (similar). As in *PowerNet* and *Reno Sparks Association of Realtors,* the Court concludes that defendant has satisfied its burden for obtaining a transfer under § 1404(a).

USB, the assignee of the disputed contract, is the only party involved in this litigation with any tie to Minnesota. Otherwise, all other parties and relevant events occurred in Kentucky. The disputed contract was negotiated, executed, and performed in Kentucky. GHMK is a Kentucky corporation, and nearly all of the relevant witnesses are Kentucky residents.

---

[1]  There is no question that USB could have brought this case against GHMK in Kentucky under either the forum selection clause in the lease agreement or under traditional minimum contacts analysis.

Case 5:06-cv-00034-JBC    Document 1    Filed 02/06/2006    Page 6 of 6
Case 0:05-cv-01821-JRT-FLN    Document 23    Filed 01/20/2006    Page 6 of 6

The interest of justice and considerations of judicial economy also weigh in favor of transfer. Because the original lessor, Toshiba Business Solutions – Kentucky, may lack sufficient minimum contacts and has not consented to jurisdiction in Minnesota under the lease agreement, GHMK may not be able to pursue claims it has against Toshiba in Minnesota. By transferring this action to Kentucky, it is more likely that all issues arising from the same core set of events can be resolved in one judicial forum.

The United States Supreme Court has repeatedly emphasized that district courts must adjudicate § 1404(a) motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart*, 487 U.S. at 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). While the Court is reluctant to disturb a plaintiff's choice of forum and rarely does so, the Court finds that a transfer is justified under the unique facts and circumstances of this case. Accordingly, defendant's alternative motion to transfer venue is granted.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue [Docket No. 6] is **GRANTED** as to the motion to transfer venue.

2.    The Clerk of Court is **DIRECTED TO TRANSFER** this file to the United States District Court for the Eastern District of Kentucky.


DATED:  January 20, 2006
at Minneapolis, Minnesota.

                   s/ John R. Tunheim
                   JOHN R. TUNHEIM
             United States District Judge