UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-34-JBC

LYON FINANCIAL SERVICES, INC.
d/b/a USBANCORP BUSINESS EQUIPMENT
FINANCE GROUP,                                                                              PLAINTIFF,

V.                        MEMORANDUM OPINION AND ORDER

GETTY HARGADON MILLER &
KELLER, PLLC, f/k/a GETTY &
MAYO, LLP,                                                                                  DEFENDANT.

* * * * * * * * * *

This matter is before the court on the motion of the third-party defendant, Triple M Business Products, Inc. d/b/a Toshiba Business Solutions – Kentucky ("Triple M"), for summary judgment (DE 34); and the motion of the third-party plaintiff, The Getty Law Group, PLLC ("GLG"), for leave to file admissions or, in the alternative, to withdraw admissions (DE 36). The court, having reviewed the record and being otherwise sufficiently advised, will grant GLG's motion and deny Triple M's motion.

**I. Factual Background**

This action arises out of a dispute concerning a lease for commercial photocopiers entered into between Getty & Mayo, LLP, GLG's predecessor-in-interest, and Triple M in 2004. Triple M is a company engaged in distributing office machinery, and GLG is a law firm located in Lexington, Kentucky. Roughly one

month after entering into the lease, Triple M assigned its interests in the lease agreement to the plaintiff, Lyon Financial Services, Inc. d/b/a USBancorp Business Equipment Finance Group ("Lyon").  GLG allegedly experienced problems with the original copiers and their replacements and refused to make any further payment under the lease as a result.  Lyon sued GLG for breach of the lease agreement in Lyon County District Court in the State of Minnesota.  GLG subsequently removed this action to the United States District Court for the District of Minnesota, which granted GLG's subsequent motion to transfer the case to this court.

GLG filed a third-party complaint against Triple M on May 9, 2006, alleging claims for breach of contract, breach of warranty, promissory estoppel, unjust enrichment, fraudulent inducement, and negligent misrepresentation.  On November 16, 2006, Triple M served Requests for Admissions on GLG; the responses to these Requests were due no later than December 19, 2006.  GLG maintains, however, that it never received these Requests and therefore never responded to them.[1]  Having received no responses to its Requests, Triple M filed the motion for summary judgment at issue here.  In addition to responding to Triple M's motion on its merits, GLG also filed its motion for leave to file admissions or, in the alternative, to withdraw admissions.

**II. Legal Analysis**

---

[1] For the purposes of this motion, the parties do not dispute that Triple M served the Requests on GLG by mail but that GLG never received them.  *See* DE 38, at 4; DE 45, at 3 n.1.

*A. GLG's Motion for Leave/Withdrawal*

Federal Rule of Civil Procedure 36(a) permits a party to serve "upon any other party a written request for the admission . . . of the truth of any matter within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." The matter to which the request pertains is deemed admitted unless the party to whom the request is directed serves a written answer or objection on the requesting party within 30 days after service of the request. *Id.* The court may, however, permit withdrawal or amendment of any admitted matter "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice that party in maintaining the action or defense on the merits." *Id.* at 36(b); *see also O'Neill v. Medad*, 166 F.R.D. 19, 22 (E.D. Mich. 1996). As the parties do not contest that Triple M served the Requests in question by mail and that GLG did not respond to them within thirty days of their service, the issue for the court is whether GLG should be permitted to withdraw its deemed admissions.

Triple M argues that the presentation of the merits of this case will not be subserved by allowing GLG to withdraw its admissions because the Requests for Admissions are based on the unambiguous language of the lease agreement entered into by the parties. However, GLG has asserted a number of defenses in response to Triple M's summary judgment motion, including revocation of acceptance under

3

the UCC. GLG also contends that Triple M made express warranties which it cannot disclaim by a general clause in the lease agreement; that Triple M fraudulently induced GLG's consummation of the parties' contract; and that Triple M negligently misrepresented to GLG that the copiers would perform properly. Since GLG's allegations go beyond the express language of the agreement, GLG should not be foreclosed from asserting its potentially meritorious claims and defenses even if the contract itself has the meaning ascribed to it by Triple M. *See United States v. $30,354.00 in United States Currency*, 863 F. Supp. 442, 445 (W.D. Ky. 1994) (holding that unanswered requests for admissions should not be deemed admitted where "the merits of the case are contested and a just disposition will be best achieved by considering [a party's] answers"). The court finds that the presentation of this case on the merits would be subserved by allowing GLG to withdraw its deemed admissions.

The court also finds that Triple M will not be prejudiced in presenting its case on the merits if GLG's deemed admissions are withdrawn. In its response to GLG's motion, Triple M places great reliance on the fact the discovery cut-off deadline was January 15, 2007. Triple M claims that allowing GLG to withdraw its admission would cause prejudice to it because it would have little time to take additional discovery in this action. As the court has since entered an order extending the discovery deadline to June 14, 2007, *see* DE 42, Triple M now has ample opportunity to complete discovery, minimizing any prejudice it will suffer

from the withdrawal of GLG's admissions. Triple M also argues that it will be harmed by the needless extension of this litigation if GLG's admissions are withdrawn. Since a party cannot assert prejudice merely because it must prosecute a case upon its merits, *see Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 40 (W.D.N.Y. 1985), the court rejects this contention as well.

As an additional ground to support the denial of GLG's request to withdraw its admissions, Triple M cites its Interrogatory No. 15, which GLG concedes it received. Since Interrogatory No. 15 references Triple M's Requests for Admissions, Triple M claims that GLG should have been alerted that it had not received the Requests for Admissions sent by Triple M and should have contacted Triple M to resolve the discrepancy. Triple M has presented no authority holding that GLG was *required* to inform Triple M of any confusion that may have been created by its receipt of Interrogatory No. 15.[2] GLG responded honestly to that

---

[2]In asserting that GLG is not entitled to withdraw its admissions due to its failure to question Interrogatory No. 15's reference to the Requests for Admissions, Triple M relies on *O'Neill* for the proposition that "parties must comport with the rules of procedure and are not allowed to proceed whimsically without accepting the consequences of their decisions." *Id.* at 23. In *O'Neill*, the plaintiff served the defendants with requests for admissions, and, when the defendants failed to respond, the plaintiff contacted them and alerted them to the fact that their responses were past due. *Id.* at 20. The defendants confirmed that they had received the requests but believed them to be untimely. *Id.* Because the defendants made a strategic decision to ignore the plaintiff's requests, the court refused to allow them to withdraw their admissions. *Id.* at 22-23.

*O'Neill* is readily distinguishable from the present case. Unlike the defendants in *O'Neill*, GLG could not have made a "strategic decision" to refuse to respond to Triple M's requests because GLG never received the requests. Moreover, Triple M, unlike the plaintiff in *O'Neill*, did not contact GLG to ascertain

Interrogatory by stating that it was "not in possession of any Requests for Admissions" from Triple M; this response did not amount to a forfeiture of GLG's right to withdraw its admissions under Rule 36(b).

The court concludes that GLG has satisfied both elements of the test for withdrawal of admissions under Rule 36(b) and will order that GLG's deemed admissions be withdrawn. As GLG has already filed its proposed responses to Triple M's Requests for Admission in the record, the court will deem those responses timely served.

*B. Triple M's Motion for Summary Judgment*

Triple M's motion for summary judgment is based entirely on the facts deemed established by GLG's failure to respond to Triple M's Requests for Admissions. Since these deemed admissions have been withdrawn, genuine issues of fact remain with regard to each cause of action GLG has asserted against Triple M, and the court must therefore deny Triple M's motion for summary judgment.[3]

---

why GLG failed to respond to its Requests; it instead filed a dispositive motion only ten days after GLG's admissions were due. In light of its decision to prosecute a summary judgment motion without confirming GLG's receipt of its Requests, Triple M can hardly fault GLG's lack of inquiry into the reference to the Requests for Admissions in Interrogatory No. 15.

[3]GLG's primary argument in its response to Triple M's motion for summary judgment was that the court should permit GLG to withdraw its admissions and that, once the admissions were withdrawn, genuine issues of fact remain for trial. However, GLG also asserted alternative arguments in opposition to Triple M's motion in the event that the court declined to permit it to withdraw its admissions. *See* DE 43, at 5, 8-19. Triple M opposes GLG's alternative arguments in its reply brief and argues that, even if GLG's admissions are withdrawn, Triple M is entitled to summary judgment on all of GLG's claims against it. *See* DE 48, at 9-12. As

Accordingly,

**IT IS ORDERED** that Triple M's motion for summary judgment (DE 34) is **DENIED**.

**IT IS FURTHER ORDERED** that GLG's motion for leave to file admissions or, in the alternative, to withdraw admissions (DE 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that GLG's responses to Triple M's Requests for Admissions are **DEEMED** timely filed.

Signed on February 13, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

these arguments were raised for the first time in GLG's response, not Triple M's original motion, the court finds that its consideration of these claims in their current posture would be premature at best and imprudent at worst. The court therefore declines to rule on the merits of the alternative arguments discussed by GLG and Triple M in their response and reply briefs.